IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 

 
NOS. PD-0007-13 & PD-0008-13

 
 
ALI YAZDCHI, Appellant 
 
v.
 
THE STATE OF TEXAS
 

 
ON APPELLANT’S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY

 
 
           Price, J., filed a concurring opinion.
 
CONCURRING OPINION
           For essentially the reasons the Court gives, I would construe the statutory scheme as
a whole to affirm the court of appeals’s judgment in this case. I agree that, “under the entire
statutory scheme governing regular community supervision, . . . appellant was ineligible for
jury-recommended community supervision because, even though he received judicial
clemency on an earlier community supervision, that conviction was resurrected [at least] for
the limited purpose of probation ineligibility when he was convicted of the present offense.”


 
But I do not believe that this conclusion derives to any extent from the literal language of
Article 42.12, Section 20(a)(1) of the Code of Criminal Procedure.


 To the contrary, at least
with respect to the particular questions at issue in this case, Section 20(a)(1) is manifestly
ambiguous. Because I would resolve that manifest statutory ambiguity in a way that comes
to the same conclusion that the Court reaches today—and for essentially the same reasons
the Court finds the meaning of Section 20(a)(1) to be “plain”—I concur in the result.
           The extent to which statutory language may be plain on its face or ambiguous is
sometimes a function of the question that is brought to bear. A given statutory provision will
sometimes clearly answer one question but remain hopelessly insoluble with respect to
another. Take, for example, the provision at issue here:
If the judge discharges the defendant under this section, the judge may set
aside the verdict or permit the defendant to withdraw the defendant’s plea, and
shall dismiss the accusation, complaint, information or indictment against the
defendant, who shall thereafter be released from all penalties and disabilities
resulting from the offense or crime of which the defendant has been convicted
or to which the defendant has pleaded guilty, except that:
 
(1) proof of the conviction or plea of guilty shall be made known to the
judge should the defendant again be convicted of any criminal offense[.]




What is perfectly plain from this statutory provision is that:
•a judge who discharges a defendant under earlier provisions in Section
20 is permitted (“may”) to set aside the earlier verdict or permit the
defendant to withdraw his plea, and, if he should exercise his discretion
to do so, he must (“shall”) dismiss the pleading;



 
•the defendant “shall thereafter be released from all penalties and
disabilities” he would otherwise suffer on account of the discharged
conviction;



 
•“except that” if the defendant should “again be convicted” of a criminal
offense, “proof of” the earlier conviction for which the defendant has
otherwise been discharged “shall be made known to the judge[.]”




But at least two questions not plainly answered by Section 20(a)(1) are:
•who shall make the prior discharged conviction known to the trial
judge;
 
•and for what purpose the prior discharged conviction shall be made
known to the trial judge.

Section 20(a)(1) does not expressly address, much less resolve, these questions.
           With respect to the first question of who must inform the judge, the statute is
maddeningly passive, simply mandating that the discharged conviction “be made known to
the judge[,]” without identifying a mechanism. Perhaps it is in view of this passivity that the
Court answers the first question by reference to a different provision in Article
42.12—Section 4(e).


 Section 4(e) requires a defendant seeking regular community
supervision from a jury to file a sworn motion attesting to the fact that he has not previously
been convicted of a felony.


 It may indeed make sense to point to this provision as a sure
indicator of who should be responsible to inform the judge of a prior discharged conviction
under the exception clause of Section 20(a). But it only makes sense to do so if at least part
of the legislative purpose behind the statutory exception is to “resurrect” the discharged
conviction in order to render an again-convicted defendant ineligible for jury-imposed
community supervision.


 Thus, the Court derives an answer to the first question Section
20(a)(1) does not clearly answer (who must inform the judge?) by presupposing an answer
to the second question Section 20(a)(1) does not clearly answer (why must the judge be
informed?).
           With respect to the second question—the purpose for making the discharged
conviction “known to the judge”—the Court today does not limit its interpretation of the
“exception” clause in Section 20(a)(1) to an analysis of the language of that particular
provision alone. Instead, the Court reasons that “the language of the entire statutory scheme
. . . provides that under Section 20(a), an earlier judicial-clemency discharge is treated as a
conviction for the limited purpose of probation ineligibility upon subsequent conviction of
another offense.”


 I presume that by “the entire statutory scheme” the Court means those
other provisions of Article 42.12 (such as Section 4(e)) that informed its discussion of the
first unanswered question of who must inform the judge.


 But none of those provisions
plainly speaks to the second question of why the judge is to be informed. None of those
provisions, in other words, necessarily resolves the ambiguity that resides in Section
20(a)(1)’s exception clause with respect to the Legislature’s purpose in mandating that it “be
made known to the judge” that the defendant had a prior (albeit discharged) conviction. That
being so, it is simply unclear to me how they speak plainly to the first question—the who
question—either. If the statutory scheme as a whole fails to plainly indicate that the purpose
of making the discharged conviction “known to the judge” is so that he can prohibit the
defendant from seeking community supervision from a jury, then I fail to understand how
Section 4(e) can operate to plainly designate that it is the defendant who must make the fact
of his discharged prior conviction known to the judge.
           I do agree that at least one likely purpose that the Legislature had in mind when it
mandated that a prior discharged conviction be “made known to the judge” was so that he
could make a decision with respect to whether the defendant was eligible for jury-imposed
community supervision.


 But this conclusion neither derives from the “plain” language of
Section 20(a)(1) itself, nor does it seem to me to “plainly” derive from the language of the
other provisions that the Court consults. The Court should not say or even suggest
otherwise.



           With these observations, I concur in the Court’s judgment.
 
FILED:         April 9, 2014
PUBLISH